**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| TABA HERBERT, | ) | 1:12-cv-00883 GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER REQUIRING PLAINTIFF TO |
| | ) | FILE AMENDED COMPLAINT OR |
| v. | ) | NOTIFY COURT OF WILLINGESS TO |
| | ) | PROCEED ONLY ON CLAIM |
| | ) | FOUND TO BE COGNIZABLE |
| K. ALLISON, et al., | ) | |
| | ) | RESPONSE DUE IN THIRTY DAYS |
| Defendants. | ) | |
| | ) | |

I.      **Screening Requirement**

Plaintiff  is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

3  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

4  short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

5  Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

6  claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the

7  liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,

8  490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

9  supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union

10 Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268

11 (9th Cir. 1982)).

12 II.    **Plaintiff's Claims**

13        A.    **Summary of Complaint**

14        Plaintiff, an inmate in the custody of the California Department of Corrections and

15 Rehabilitation (CDCR) at  Kern Valley State Prison, brings this action against correctional

16 officials employed by the CDCR at the California Substance Abuse Treatment Facility at

17 Corcoran (SATF).  The events at issue in this lawsuit occurred while Plaintiff was housed at

18 SATF.   Plaintiff names the following individual defendants:  Warden K. Allison; Correctional

19 Officer (C/O) R. Hopkins; Nurse Meza.   Plaintiff also names John Doe defendants.   Plaintiff

20 sets forth Eighth Amendment claims of excessive force and denial of adequate medical care.

21        Plaintiff alleges that on May 23, 2010, Meza was the assigned medical staff in Plaintiff's

22 housing unit.  At approximately 6:00 p.m., Plaintiff told Meza that he was experiencing chest

23 pains, and that he had not received his blood pressure medication "in several days."  Plaintiff

24 also indicates that he had not received his pain medication.  Plaintiff alleges that Meza "rudely

25 walked away."   Medication was again dispensed at 8:00 p.m.  Meza again denied Plaintiff his

26 medication.  C/O Hopkins was escorting Meza while she was dispensing medication at each cell.

27 Plaintiff alleges that the following occurred:

28

However, Officer Hopkins who was escorting Meza, interrupted our communication and verbally disrespected me by using profanity.  I notice Officer Hopkins behavior was becoming more and more irate even to the point of violently shaking and shaking and slamming the open food port so hard that it broke.  To prevent a confrontation I walked away from the door.  However, Officer Hopkins demanded that (John Doe) unit control tower officer pop open my assigned cell door, so as the cell door opened Officer Hopkins violated rules of Ad-Seg by not handcuffing me before entering my cell.  He then grabbed me and slammed me into the wall causing unbearable pain to the right side of my head and face area causing extreme pain, while calling me a f*****g n****r!"  It should also be noted that at no time mentioned did Plaintiff give the defendant, Hopkins, reason to attack him.

I am a mobility impaired prisoner (DPO) I was then handcuffed from behind my back and dragged a long distance by defendant Hopkins and another John Doe officer whom will be named at a later date.

However, I was dragged to an area known as "the cage area."  Once there I was placed face down on the ground where I layed about for 40 minutes til an hour [sic].  While in such position defendant Hopkins, etc. called me a n****r 12-15 more times in an attempt to provoke, etc. me into a confrontation so they can use further unjust force on Plaintiff.

(Compl. pp. 2-3).

### B.      Eighth Amendment Claims

#### 1.      Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 7.  Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident.  Id. at 9-10; see

1    also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force

2    standard examines de minimis uses of force, not de minimis injuries)).

3        Plaintiff's allegations describing the incident of physical force on May 23, 2010, are

4    sufficient to give rise to a claim for relief against Defendant Hopkins for use of excessive

5    physical force.   Plaintiff has alleged facts, liberally construed, indicating that C/O Hopkins used

6    force on Plaintiff, despite the fact that Plaintiff offered no resistance.

7            **2.    Medical Care**

8        "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an

9    inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d

10   1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).

11   The two part test for deliberate indifference requires a plaintiff to show (1) "'a serious medical

12   need' by demonstrating that 'failure to treat a prisoner's condition could result in further

13   significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's

14   response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v.

15   Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v.

16   Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

17       Plaintiff alleges that once he was in the cage area, "some other female CDCR nurse"

18   examined Plaintiff.  Plaintiff explained to the nurse the "numerous injuries" on his bodies, and

19   that he was in excruciating pain.  Plaintiff alleges that "I believe that the defendants had the new

20   nurse falsely file her 7219 medical report."  Plaintiff further alleges that medical staff was

21   summoned and that he was taken to the prison hospitals and given numerous pain medications.

22       In order to hold Defendant Meza liable, Plaintiff must allege facts indicating that

23   Defendant Meza knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to

24   Plaintiff.  Plaintiff's allegations, taken as true, indicate that Meza refused to give Plaintiff his

25   pain medication at 6:00 p.m. and 8:00 p.m.  Plaintiff's allegations establish that it had been

26   "several days" since he had received his blood pressure and pain medication.  Plaintiff has not

27   alleged any facts indicating that Defendant Meza was responsible for the delay of "several days."

28   Plaintiff has alleged, at most, a two hour delay in receiving his medication.   In order to state a

1  claim, Plaintiff must show the delay caused him serious harm.  But see  McGuckin, supra at 1060

2  (plaintiff not required to show "substantial harm").  In addition, a prisoner must show defendant

3  knew aid was required, had the ability to render that aid, yet "sat idly by."  Id.  In other words,

4  deliberate indifference is a function of the seriousness of  a prisoner's medical needs and the

5  wrongfulness of the defendant's actions in light of those needs.  McGuckin, supra at 1061.

6  Plaintiff alleges that, after the use of force incident, he was taken to the prison hospital where he

7  received pain medication.  There are no facts alleged indicating that the failure to dispense

8  Plaintiff's medication at 6:00 p.m. and 8:00 p.m. caused Plaintiff injury such that it violated the

9  Eighth Amendment.

10          **3.          Warden Allison**

11          Plaintiff alleges that Warden Allison is liable because of the many attempts made by

12  Plaintiff to bring staff misconduct to the Warden's attention.  Government officials may not be

13  held liable for the actions of their subordinates under a theory of respondeat superior.  Ashcroft

14  v. Iqbal , 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a

15  theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has

16  violated the Constitution through his own individual actions.  Id. at 673.  In other words, to state

17  a claim for relief under section 1983, Plaintiff must link Warden Allison with some affirmative

18  act or omission that demonstrates a violation of Plaintiff's federal rights.

19  **III.   Conclusion and Order**

20          Plaintiff's complaint states a claim under the Eighth Amendment against Defendant

21  Hopkins for use of excessive physical force.  However, the complaint does not state any other

22  cognizable claims.  The Court will provide Plaintiff with the opportunity to file an amended

23  complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d

24  1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new,

25  unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)

26  (no "buckshot" complaints).

27          If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding

28  only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in

1    writing, and the Court will issue a recommendation for dismissal of the other claims and

2    defendants, and will forward to Plaintiff one summons and one USM-285 form for completion

3    and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate

4    service of process.

5           If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a),

6    but must state what each named defendant did that led to the deprivation of Plaintiff's

7    constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.   Plaintiff is required to show

8    that Defendants (1) acted under color of state law, and (2) committed conduct which deprived

9    Plaintiff of a federal right.  Hydrick, 500 F.3d at 987. "A person deprives another of a

10   constitutional right, where that person 'does an affirmative act, participates in another's

11   affirmative acts, or omits to perform an act which [that person] is legally required to do that

12   causes the deprivation of which complaint is made.'"  Id. at 988 (quoting Johnson v. Duffy, 588

13   F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only

14   by some kind of direct, personal participation in the deprivation, but also by setting in motion a

15   series of acts by others which the actor knows or reasonably should know would cause others to

16   inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

17          Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

18   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565,

19   567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

20   pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an

21   original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d

22   at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord

23   Forsyth, 114 F.3d at 1474.

24          Based on the foregoing, it is HEREBY ORDERED that:

25   1.     The Clerk's Office shall send to Plaintiff a civil rights complaint form;

26   2.     Within **thirty (30) days** from the date of service of this order, Plaintiff must

27          either:

28

6

a.   File an amended complaint curing the deficiencies identified by the Court in this order, or

b.   Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Hopkins for the excessive use of physical force; and

3.   If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   __**August 20, 2013**__                         ___**/s/ Gary S. Austin**___
                                                      UNITED STATES MAGISTRATE JUDGE