UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TABA HERBERT,<br><br>        Plaintiff,<br><br>   vs.<br><br>K. ALLISON, et al.,<br><br>        Defendants. | 1:12-cv-00883-GSA-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND<br>(Doc. 8.)<br><br>THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT |

## I. BACKGROUND

Taba Herbert ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 30, 2012. (Doc. 1.) On June 14, 2012, Plaintiff consented to Magistrate Judge jurisdiction pursuant 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order on August 21, 2013, requiring Plaintiff to either file an amended complaint, or notify the court of his willingness to proceed only against defendant Hopkins for use of excessive force. (Doc.

7.) On September 6, 2013, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  (Doc. 8.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III.    SUMMARY OF FIRST AMENDED COMPLAINT

At the time of the events at issue in the First Amended Complaint, Plaintiff was in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison (KVSP) in Delano, California.  Plaintiff names as defendants Warden K. Allison, Correctional Officer R. Hopkins, Nurse Meza, and Doe Defendants.  All of the defendants were

employed by the CDCR at KVSP at the time of the events at issue. Plaintiff's factual allegations follow, in their entirety:

> "K. Allison (Warden) is at fault because she has been appointed as the Institution Official responsible for my safety and security. 5-23-10 [CDCR; 3270, 3397]. [Nurse] Meza is at fault because she was responsible to dispense medications to me prescribed by doctors and other physicians. The above mentioned medications that I was denied were necessary to control my blood pressure and without them I could have had a heart attack of stroke. (See attached medical forms.)[1] I am a high risk prisoner who is within the chronic care program. She knew that I was experiencing chest pain and was without medication but did nothing to help me!! 5-23-10 [CDCR; Sec. 3397]."

(First Amended Complaint at 4 ¶IV.) Plaintiff requests monetary damages.

## IV.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of

---

[1] No medical forms or other exhibits were attached to the First Amended Complaint.

which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

### A.     Supervisory Liability

Plaintiff has named defendants K. Allison (Warden) and Doe Defendants (Supervisors), who hold supervisory positions. Plaintiff is advised that liability may not be imposed on supervisory personnel under section 1983 on the theory of respondeat superior, as each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Therefore, to the extent that Plaintiff seeks to impose liability upon any of the defendants in their supervisory capacity, Plaintiff fails to state a claim.

### B.     Personal Participation – Defendant Hopkins

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676. Plaintiff fails to allege any personal conduct by defendant C/O R. Hopkins in the First Amended Complaint. Therefore, Plaintiff fails to state any claims against defendant C/O R. Hopkins.

///

///

### C. Doe Defendants

Plaintiff names Doe Defendants whose names are unknown to Plaintiff. Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

Moreover, Plaintiff's allegations against the Doe Defendants are insufficient to state any claims. On Plaintiff's list of the defendants in the First Amended Complaint, he remarks that the Doe Officer who worked in the tower opened Plaintiff's cell door on the night of the incident, and the Doe Supervisors were responsible because they authorized the Doe Officer's actions and enabled C/O Hopkins and other officers to act against Plaintiff. (First Amended Complaint at 4 ¶III.B.) These allegations are not sufficient to state any cognizable claims against any of the Doe Defendants.

### D. Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison

officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Plaintiff alleges that defendant Nurse Meza denied him medications to control his blood pressure, and that Nurse Meza knew Plaintiff was experiencing chest pain and was without medication, but did nothing to help him.  Plaintiff has sufficiently alleged that he had a serious medical need.  However, Plaintiff fails to allege facts demonstrating that defendant Nurse Meza knew of a substantial risk of serious harm to Plaintiff's health or safety, and acted against him, or failed to act, while deliberately disregarding the risk.  As discussed above, "[a] showing of medical malpractice or even gross negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Toguchi, 391 F.3d at 1060.  Moreover, Plaintiff has not alleged that the delay in treatment resulted in further harm.  Therefore, Plaintiff fails to state a medical claim against defendant Nurse Meza or any of the other defendants.

///

## V.   CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any of the defendants. In this action, the Court previously found that Plaintiff stated a cognizable claim in the initial Complaint against defendant Hopkins for use of excessive force; however, Plaintiff fails to re-state the excessive force allegations against defendant Hopkins in the First Amended Complaint. Plaintiff is reminded that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In light of the fact that Plaintiff stated a cognizable claim in the initial Complaint, but then failed to re-state the cognizable claim in the First Amended Complaint, Plaintiff shall be granted another opportunity to amend the complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a Second Amended Complaint within thirty days.

The amended complaint should be brief, but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 676; Jones, 297 F.3d at 934. As discussed above, there is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal at 676. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his

own words, what happened and how each defendant's actions violated the particular right described by Plaintiff.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.

Finally, the amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint, filed on September 6, 2013, is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified by the Court in this order;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:12-cv-00883-GSA-PC; and
5. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **May 7, 2014**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE